UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-6051-CIV-JORDAN
MAGISTRATE JUDGE SORRENTINO

FILED by _____ D.C.

2000 FEB 24 PM 12:24

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA.

CHARLIE LEE HILL,
      PETITIONER,
VS.

MICHAEL W. MOORE,
      RESPONDENT.

PETITIONER RESPONSES TO THE
LIMITATIONS PERIOD ORDER

COMES NOW THE PETITIONER, CHARLIE LEE HILL, IN PRO SE, AND PURSUANT TO THIS COURT ORDER DATED JANUARY, 26, 2000, ORDERING THE PETITIONER TO RESPOND TO LIMITATIONS PERIOD, AND PETITIONER STATES THE FOLLOWING:

(1). THE PETITIONER'S JUDGMENT AND SENTENCE BECAME FINAL BY HIS DIRECT APPEAL MANDATE ON MARCH, 1, 1996) AND MOTION FOR POST-CONVICTION RELIEF WAS FILED ON SEPTEMBER, 1996, AND DENIED ON NOVEMBER, 7, 1997, ALTHOUGH PETITIONER DID NOT APPEAL THE ORDER DENYING HIS MOTION FOR POST-CONVICTION RELIEF, WHERE THE COURT ORDER NEVER STATED THAT THE PETITIONER HAD 30 DAYS TO APPEAL. THEREFORE, THE PETITIONER WAS UNAWARE THAT HE COULD HAVE APPENED THE ORDER RATHER THAN FILING A MOTION TO CORRECT ILLEGAL SENTENCE FILED ON AUGUST, 1998, AND MANDATE DENIED ON OCTOBER, 29, 1999, AND THEREAFTER, THE PETITIONER FILED ON JANUARY, 12, 2000, THIS WRIT OF HABEAS CORPUS WHICH IS TIMELY. SEE "ARGUMENT AND EXHIBIT'S"

## ARGUMENT

Petitioner claim that his petition for writ of habeas corpus filed on January, 12, 2000, is timely filed because it was filed within the one year of the limitation period, where the petitioner did file a motion to correct an illegal sentence 8 months after his motion for post-conviction relief was denied on November, 7, 1997, see, Exhibit-A- and see motion to correct sentence attached to habeas corpus which clearly shows that on August, 27, 1998, the petitioner filed it.

Further, the one year period of limitations does not being to run until after direct review has been completed and state post-conviction review has been exhausted.

Title 28 U.S.C §2244(d)(2) provides in relevant part that "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." It is clear both from the plain meaning of the statute and the legislative history of the act which imposed the new standard.

Here the petitioner's petition for writ of habeas corpus is timely where the respondent in its order denying petitioner's motion for post-conviction relief did not give him 30 days in which he could have appealed, therefore, the petitioner's motion to correct his sentence Rule 3.800(A) should have tolled the limitation period as to the one year requirement. Where it was a properly filed application for state post-conviction, the purpose of the habeas corpus reform is

2

to "curb the lengthy delays in filing that now often occur in federal habeas corpus litigation, while preserving the availability of review when a prisoner diligently pursues state remedies and applies for federal habeas review in a timely manner." Regardless of the overall time that passed since his conviction, Hill filed his federal habeas corpus. The practical effect of this conclusion may be that a post-conviction state remedy which may be filed at any time, will be used to revive a right to federal relief which otherwise would be time barred by the lapse of one year following direct appeal, thus evading the intent of the new law. See, <u>Valentine-v-Senkowski</u>, 966 F.Supp 239 (S.D.N.Y. 1997). See Exhibit-B-.

Furthermore, Petitioner claim had he been given the opportunity to appeal the order denying his motion for post-conviction relief, which tolled the limitation period and had Petitioner losted his appeal on the Rule 3.850 he would have petition this court for a writ of habeas corpus attacking his conviction on the grounds of ineffective assistance of trial counsel rather than pursuing his illegal sentence.

In <u>Magouirk-v-Phillips</u>, 144 F.3d 348 (5th Cir. 1998) the court held that procedural default, in habeas corpus proceeding, may be excused upon a showing of cause and prejudice or that application of the doctrine will result in a fundamental miscarriage of justice. See <u>Johnson-v-Singletary</u>, 938 F.2d 1166 (11th Cir. 1991).

3

RELIEF

WHEREFORE, PETITIONER PRAYS THAT THIS HONORABLE COURT WILL FIND THAT THE PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS IS TIMELY FILED AS TO THE LIMITATION PERIOD.

ON FEBRUARY 18, 2000    *Charlie Hill*
CHARLIE LEE HILL #098796
EVERGLADES CORRECTIONAL INST.
P.O. BOX 659001
MIAMI, FLORIDA, 33265-9001

I DECLARE THAT UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

## CERTIFICATE OF SERVICE

PETITIONER HAS SERVED A TRUE COPY OF SAI PETITION ON THE DEPARTMENT OF LEGAL AFFAIRS 1655 PALM BEACH LAKES blvd., #300 WEST PALM BEACH, FLORIDA, 33401-2299.

4

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,                   CASE NO. 93-7601-CF

    Plaintiff,                       JUDGE:   MARC H. GOLD

v.

CHARLIE HILL
                                  **ORDER**

    Defendant.
_____/

**THIS CAUSE** came on to be heard on Defendant's Motion for Post Conviction Relief, and the Court having considered same and having reviewed the Court file herein, and being otherwise duly advised in the premises, it is thereupon

**ORDERED AND ADJUDGED** that the Defendant's Motion for Post Conviction Relief is respectfully **DENIED**. With reference to Defendant's argument that he was denied effective assistance of counsel, his argument that his counsel's failure to object to his being sentenced as an habitual offender is without basis. Sentencing a defendant as an habitual offender does not constitute cruel and unusual punishment. Further, the 25 year sentence was within the legally permitted range.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7TH___ day of November, 1997.

                                          MARC H. GOLD
                                          A TRUE COPY
                                          MARC H. GOLD
                                          CIRCUIT COURT JUDGE

Copies furnished:
Mr. Charlie Hill, # 098796
Calhoun Correctional Institution
P.O. Box 2000, Blountstown, FL 32424-2000

State Attorney's Office,
Broward County, Florida

                                                                  EXHIBIT-A-

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,   )
                    )
    Plaintiff,      )       CASE NO.: 93-7601CF10A
                    )
v.                  )       JUDGE: MARC H. GOLD
                    )
CHARLIE LEE HILL,   )
                    )       APPEAL NO. 99-01220
    Defendant.      )
_____)

## ORDER DENYING DEFENDANT'S MOTION
## TO CORRECT ILLEGAL SENTENCE

**THIS CAUSE,** having come before the Court upon the Defendant's Motion to Correct Illegal Sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), the Court having considered said Motion, the State's Response, having carefully reviewed the entire record and otherwise being fully advised in the premises, this Court finds as follows:

This Defendant was charged by Information with Aggravated Battery and Possession of Firearm by a Convicted Felon. The offenses occurred on May 2, 1993 and involved the Defendant shooting the victim with a shotgun. On May 10, 1994 the Defendant entered a guilty plea to the charges and he was sentenced by the Honorable Robert W. Tyson, Jr. to four (4) years probation as an habitual felony offender. A warrant was issued for violation of probation on November 1, 1994 because the Defendant used cocaine while on probation. A violation of probation hearing was held on January 1, 1995 and at the conclusion of that hearing the Defendant's probation was revoked and he was sentenced to twenty-five (25) years

EXHIBIT-B-

in prison as an habitual felony offender. An appeal was taken and an opinion was returned by the Fourth District Court of Appeal on February 14, 1996 affirming the trial court. The Defendant has also filed, and had denied, a Motion for Post Conviction Relief, prior to his filing this Motion to Correct Illegal Sentence.

In his Motion to Correct Illegal Sentence and/or Erroneous Scoresheet Calculation, the Defendant argues that he was improperly found to be an habitual felony offender because the trial court erroneously included juvenile offenses in this determination. A review of the record, the State's response and exhibits which the Court herein adopts, clearly refute the allegations of the Defendant and conclusively show that the Defendant is not entitled to the relief requested. None of the offenses listed by the Defendant in his motion were juvenile dispositions. All of the listed offenses were adult convictions occurring in Broward County, Florida.

It is therefore,

**ORDERED AND ADJUDGED** that the Defendant's Motion to Correct Illegal Sentence is hereby, respectfully, **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this ____ day of July, 1999.

**MARC H. GOLD**
A TRUE COPY

_____
MARC H. GOLD
CIRCUIT COURT JUDGE

Copies furnished to:

Joel Silvershein, Esquire
Assistant State Attorney
Ft. Lauderdale, Florida

Mr. Charlie L. Hill, #B-098796
Everglades Correctional Institution
P.O. Box 659001  #4-205U
Miami, Florida 33265-9001

CASE NO.: 93-7601CF10A

APPEAL NO. 99-01220

EXHIBIT-B-2

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT                                    JULY TERM 1999

**CHARLIE HILL,**

Appellant,

v.

**STATE OF FLORIDA,**

Appellee.

CASE NO. 99-2959

Decision filed  **September 29, 1999**

Appeal of order denying rule 3.800(a) motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marc H. Gold, Judge; L.T. Case No. 93-7601 CF10A.

Charlie Hill, Miami, pro se.

No appearance required for appellee.

PER CURIAM.

AFFIRMED.

POLEN, SHAHOOD and GROSS, JJ., concur.

**NOT FINAL UNTIL THE DISPOSITION OF ANY TIMELY FILED MOTION FOR REHEARING.**

EXHIBIT-C-1

# M A N D A T E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable MARTHA C. WARNER, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

**DATE:** October 29, 1999

**CASE NO.:** 99-2959

**COUNTY OF ORIGIN:** Broward

**T.C. CASE NO.:** 93-7601 CF10

**STYLE:** CHARLIE HILL   v.   STATE OF FLORIDA



*Marilyn Beuttenmuller*
MARILYN BEUTTENMULLER, Clerk
Fourth District Court of Appeal

**ORIGINAL TO:** Hon. Robert Lockwood, Clerk
**cc:**
Charlie Hill        Attorney General-W.P.B.

EXHIBIT-C-2

al