IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHARLIE LEE HILL,

    Petitioner,

vs.

MICHAEL W. MOORE,

    Respondent(s).

_____/

CASE NO: 00-6051-CIV-JORDAN
MAGISTRATE JUDGE SORRENTINO

RESPONSE TO PETITION FOR WRIT OF
HABEAS CORPUS/MEMORANDUM OF LAW

COMES NOW Respondent, THE STATE OF FLORIDA, by and through the undersigned counsel, pursuant to Rule 5, Rules Governing Section 2254 Cases in the United States District Court, and this honorable court's order dated January 26, 2000, hereby files this response to the petition for writ of habeas corpus, respectfully requests that all relief be denied, and as grounds states:

I.

PROCEDURAL HISTORY

On May 2, 1993, Petitioner shot his victim with a shotgun. Petitioner plead guilty on May 10, 1994, and was sentenced to four (4) years probation as an habitual offender. A warrant issued for violation of probation on November 1, 1994, because Petitioner abused cocaine. A probation violation hearing was held on January 1, 1995, where Petitioner's probation was revoked and he was sentenced to twenty-five (25) years as an habitual offender (<u>See</u>

Response: Page 1





Exhibit 5). Petitioner appealed, and the 4th DCA Per Curiam Affirmed on February 14, 1996 (668 So.2d 623)(Exhibit 1), with the Mandate issuing on March 1, 1996 (as admitted by Petitioner in his February 18, 2000 Response to Limitations Period Order). The Florida Supreme Court dismissed the review of the 4th DCA final decision on March 7, 1996 (671 So.2d 788)(Exhibit 2).

Petitioner then filed a motion for post conviction relief sometime in September 1996, alleging ineffective assistance of counsel due to his counsel's failure to object to his being sentenced as an habitual offender. The District Court Judge denied Petitioner's motion as being without basis on November 7, 1997 (Exhibit 3). The order did not inform Petitioner that he had 30 days with which to appeal the order, as stated in Florida Rule of Criminal Procedure 3.850(g).

Petitioner next filed a successive 3.850 motion to correct his allegedly illegal sentence on August 27, 1998 (Exhibit 4). This motion is successive because it raised the same issue before the trial court, whether Petitioner had been properly habitualized. While the first motion couched the issue in terms of counsel's failure to raise the alleged illegal habitualization, the issue was still whether the trial court had erred in sentencing him as an habitual offender. The District Court Judge denied this motion in July 1999 (Exhibit 5). Despite this order not having the appeal notification either, Petitioner appealed the denial to the 4th DCA.

The 4th DCA Per Curiam Affirmed this denial on September 29, 1999 (Exhibit 6), with the Mandate issuing on October 29, 1999 (Exhibit 7).

Petitioner filed the present action on January 12, 2000.

## II.

### STATUTE OF LIMITATIONS

This 2254 writ of habeas corpus motion is not timely under the newly enacted time limit provision of 28 U.S.C. §2244(d). In pertinent part, the statute provides:

> (d)(1) A 1 year time period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. §2244. The Act became effective on April 24, 1996, the date

on which the law was enacted. <u>Hatch v. Oklahoma</u>, 92 F.3d 1012, 1014 n.2., citing, <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). The United States Supreme Court addressed the AEDPA's constitutionality as applied to pending habeas cases and held that the AEDPA may be applied to habeas cases filed after its effective date. <u>Lindh v. Murphy</u>, ___ U.S. ___, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The one year statute of limitations is tolled while post-conviction or collateral proceedings are pending. <u>Lovasz v. Vaughn</u>, 134 F. 3d 146, 149 (3rd Cir. 1998). Time elapsing while post-conviction proceedings are pending shall not count toward the one year period of limitation. 28 U.S.C. §2244 (d)(2). In the same vein, time elapsing while post-conviction proceedings are <u>not pending</u>, counts toward Petitioner's one year time period in which to file this petition.

Petitioner's direct appeal of his judgment and sentence became final with the Mandate dated March 1, 1996, and the Florida Supreme Court's dismissal of review on March 7, 1996. However, the one year statute of limitations of the Act became effective on April 24, 1996, which started the clock for this Petitioner.

The next action Petitioner took was in September 1996, when he filed his first post conviction relief motion [A copy of this motion has not yet been obtained. However, if a merits response is required, the motion will be obtained for and provided with the

response.   For the purposes of this time-bar argument, it is unnecessary to delay this matter any longer for its retrieval.] Since the exact date the motion was filed is not known at this time, the Petitioner will be given the most favorable date to him in September for limitations purposes - September 1, 1996.   That means between the enactment of the AEDPA and the filing of the post conviction relief motion, 129 days elapsed for purposes of the AEDPA statute of limitations.

Petitioner's first motion for post conviction relief was denied by the trial judge on November 7, 1997.  Petitioner did not appeal this denial, but filed a subsequent 3.850 motion alleging an illegal sentence on August 27, 1998.  Since the denial of the first post conviction relief motion became final 30 days after it was issued, on December 7, 1997, another 263 days elapsed between then and Petitioner's August 27, 1998 filing.

Petitioner's second 3.850 motion was denied by the trial court in July, 1999, and Petitioner appealed the denial to the 4th DCA. The 4th DCA Per Curiam Affirmed the denial on September 29, 1999, with the Mandate issuing on October 29, 1999.   Petitioner then filed the present action on January 12, 2000.  75 more days elapsed between the Mandate on the 3.850 appeal and the filing of Petitioner's federal petition.

In a light most favorable to Petitioner, he allowed a total of 467 (129+263+75=467) days to elapse, which is 102 days in excess of

the one year statute of limitations under the AEDPA. But if one considers Petitioner's second 3.850 motion to be successive, then an additional year, two months, and two days expired before this petition was filed. Therefore, this petition is not timely filed and must be dismissed.

In his February 18, 2000 response to this Court's January 26, 2000 order concerning the limitations period in this case, Petitioner appears to be raising an argument for "equitable tolling" of the AEDPA statute of limitations, because the trial court did not tell him he had 30 days to appeal the order denying his first post conviction relief motion. Assuming *arguendo* Petitioner is arguing *for* equitable tolling, under the facts of this case, Petitioner is not entitled to its application.

Although not presented with this issue directly, the 11th Circuit Court of Appeals has, along with a number of other federal circuits, applied the doctrine of "equitable tolling" to the limitations provisions contained in the companion Federal habeas statute, 28 U.S.C. Section 2255. *See*, Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999). In Sandvik, the 11th Circuit held that, in appropriate cases, the limitations provision contained in Title 28 U.S.C. section 2255 is subject to equitable tolling. Sandvik, supra., 177 F.3d at 1270. A fair reading of the 11th Circuit's opinion leads to the conclusion that the doctrine extends to petitions attacking state convictions that are filed under 28

U.S.C. section 2254. *See*, Sandvik, supra., 177 F.3d at 1271 (following with approval, Calderon v. United States Dist. Ct., 163 F.3d 530, 541 (9th Cir. 1998)(*en banc*); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. den., __ U.S. __, 119 S.Ct. 1474, 143 L.Ed.2d. 558 (1999); Miller v. New Jersey State Dept. Of Corrections, 145 F.3d 616,618 (3d Cir. 1998); Miller v. Marr, 141 F.3d 976,978 (10th Cir.), cert. den., __ U.S. __ 119 S.Ct. 210, 142 L.Ed.2d. 173 (1998)).

The 11th Circuit then set forth the standard to be applied when determining whether equitable tolling is appropriate: "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, supra., 177 F.3d at 1271. Indeed, its laudable purpose is to "'preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998)(citing Burnett v. New York Cent. R.R. Co., 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d. 941 (1965)).

There are no extraordinary circumstances in this case that justify Petitioner's lengthy delay in filing. Neither did Petitioner show any diligence in pursuing his rights.

> Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *See, e.g.*, *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458 ("[Federal courts] have generally been much

> less forgiving in receiving late filings
> where the claimant failed to exercise due
> diligence in preserving his legal rights.");
> *Calderon*, 163 F.3d at 541 ("[T]he time bar ...
> can be tolled 'if "extraordinary
> circumstances" beyond a prisoner's control
> make it impossible to file a petition on
> time.' ") (quoting *Calderon*, 128 F.3d at
> 1288-89); *Miller*, 145 F.3d at 619 ("Mere
> excusable neglect is not sufficient [to toll
> the bar]."); *Marr*, 141 F.3d at 978 (not
> knowing about the period of limitation until
> too late is not a ground for equitable
> tolling).

Sandvik, supra., at 1271, 1272.

With diligence, Petitioner could have filed a timely appeal or a state habeas corpus action pursuant to 3.850(h) requesting a belated appeal, had he shown he was prejudiced by the trial court's ommission of the appeal notice in the denial of his first post conviction relief motion. Petitioner cannot pursue that action now, because his second 3.850 motion addressed the same grounds he alleges made his counsel ineffective in the first motion - that being he should have objected to Petitioner being habitualized and illegally sentenced. Since the 4th DCA subsequently denied Petitioner's challenge to his allegedly illegal habitualization raised in the second 3.850 motion anyway, it is a moot question.

Since Petitioner has not shown extraordinary circumstances that were both beyond his control and unavoidable even with diligence, equitable tolling does not apply. Since well over a year has elapsed, Petitioner's petition is time-barred and must be dismissed.

III.

MERITS

Petitioner's habeas petition is time-barred. Therefore, it is unnecessary for Respondent to address the merits. If this Court determines at a later date that the merits should be addressed, Respondent requests that this Court issue an order requiring Respondent to file a supplemental response on the merits of the case.

IV.

CONCLUSION

WHEREFORE, Respondent respectfully requests that this Honorable Court dismiss this petition and deny any and all relief requested.


Respectfully submitted,

ROBERT A. BUTTERWORTH
ATTORNEY GENERAL


STEVEN R. PARRISH
ASSISTANT ATTORNEY GENERAL
Florida Bar # 0185698
1655 Palm Beach Lakes Blvd
Third Floor
West Palm Beach, FL 33401
COUNSEL FOR RESPONDENT


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response to Petition for Writ of Habeas Corpus has been furnished

by U.S. mail to: CHARLIE LEE HILL, DC# 098796, Everglades Correctional Institution, 1601 S.W. 187th Avenue, P.O. Box 65-9001, Miami, Florida 33265-9001 on March 27th, 2000.

STEVEN R. PARRISH
Attorney for Respondent

.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHARLIE LEE HILL,

   Petitioner,

vs.

MICHAEL W. MOORE,

   Respondent(s).
_____/

CASE NO: 00-6051-CIV-JORDAN
MAGISTRATE JUDGE SORRENTINO

RESPONSE TO PETITION FOR WRIT OF
HABEAS CORPUS/MEMORANDUM OF LAW

INDEX TO APPENDIX

| (Exhibits) | (Description) | (# pages) |
|---|---|---|
| Exhibit 1 | 668 So.2d 623 (Fla. 4th DCA 1996) | 1 |
| Exhibit 2 | 671 So.2d 788 (Fla. 4th DCA 1996) | 1 |
| Exhibit 3 | Order Denying Post Conviction Relief (November 7, 1997) | 1 |
| Exhibit 4 | Second 3.850 Motion | 20 |
| Exhibit 5 | Order Denying Second 3.850 Motion | 2 |
| Exhibit 6 | 4th DCA PCA Decision, Sept. 29, 1999 | 1 |
| Exhibit 7 | Mandate of 4th DCA decision (October 29, 1999) | 1 |

# EXHIBIT 1

Citation/Title
668 So.2d 623, Hill v. State, (Fla.App. 4 Dist. 1996)

**\*623** 668 So.2d 623

**Charlie Hill**
**v.**
**State**

**NOS. 95-0519, 95-0520**

District Court of Appeal of Florida,
Fourth District

Feb 14, 1996

Appeal From:  Cir.Ct.  (Broward)

Disposition:  Aff.

(The decision of the Florida District Court of Appeal is referenced in the
Southern Reporter in a table captioned 'Florida Decisions Without Published
Opinions.')

Copyright (c) West Group 1999 No claim to original U.S. Govt. works

# EXHIBIT   2

Citation/Title
671 So.2d 788, Hill v. State, (Fla. 1996)

**\*788** 671 So.2d 788

**Charlie Hill**
**v.**
**State**

**NO. 87,506**

Supreme Court of Florida.

Mar 07, 1996

Appeal From:  4th DCA, 668 So.2d 623

Disposition:  Rev. dism.

(The decision of the Supreme Court of Florida is referenced in the Southern
Reporter in a table captioned 'Florida Decisions Without Published Opinions.')

Copyright (c) West Group 1999 No claim to original U.S. Govt. works

# EXHIBIT   3

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,

CASE NO. 93-7601-CF

     Plaintiff,

JUDGE:   MARC H. GOLD

v.

CHARLIE HILL

**ORDER**

     Defendant.

_____/

     **THIS CAUSE** came on to be heard on Defendant's Motion for Post Conviction

Relief, and the Court having considered same and having reviewed the Court file herein, and

being otherwise duly advised in the premises, it is thereupon

     **ORDERED AND ADJUDGED** that the Defendant's Motion for Post Conviction

Relief is respectfully **DENIED**. With reference to Defendant's argument that he was denied

effective assistance of counsel, his argument that his counsel's failure to object to his being

sentenced as an habitual offender is without basis. Sentencing a defendant as an habitual

offender does not constitute cruel and unusual punishment. Further, the 25 year sentence was

within the legally permitted range.

     **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this ___7TH___ day of  November, 1997.

MARC H. GOLD
A TRUE COPY

_____
MARC H. GOLD
CIRCUIT COURT JUDGE

Copies furnished:
Mr. Charlie Hill, # 098796
Calhoun Correctional Institution
P.O. Box 2000, Blountstown, FL 32424-2000

State Attorney's Office,
Broward County, Florida

EXHiBiT-A-

# EXHIBIT   4

IN AND FOR THE CIRCUIT COURT OF THE 17th JUDICIAL
Circuit of Broward County, Florida

CRIMINAL DIVISION

Charlie L. Hill,
          Petitioner,
     VS.                                    CASE NO. 93-7601 CF10 A

The State of Florida,
          Respondent.

## MOTION TO CORRECT ILLEGAL SENTENCE AND OR, ERRORONEOUS SCORESHEET CALCULATION

Comes Charlie L. Hill, the undersigned Petitioner
IN Pro-se AND the Above styled case and cause,
AND who Pursuant To Fla. R. Crim. P. rule 3.800 A,
AND STATE v. Whitfield, 487 So.2d 1045 (Fla. 1986), AND
Files This motion To Correct Illegal sentence and
or erroroneous scoresheet calculation, and as
Grounds States the following.

1. Petitioner Contends the Trial Court made an Improper
Finding, IN habitualying him, see, Judge Tyson's, order on
State's motion To habitulize, Case No. 93-7601 CF10 A, dated
May 10, 1994, Attached as exhibit "A", which IN relevant
part states;

(1) Convicted of Grand theft, Case No. 91-19083 CF10 A,
on November 5th, 1991 (This was a Corrected Information
Originally Charging the offense of Aggravated Battery)

(2) Convicted of Aggravated Battery Case No. 84-12173 CF10 A,
on July 23rd, 1980.

(3) Convicted of Aggravated Assault, Case No. 84-12760 CF (01A), on July 23rd, 1985.

(4) Convicted of Kidnapping, Burglary, and Robbery, Case No. 84-12756, on July 23rd, 1985.

Petitioner contends except for the conviction for Grand Theft of November 5th, 1991, Case No. 91-19083 CF (01A) all the above convictions listed in Judge Tyson's habitual finding accured when Petitioner was a Juvenile and a Juvenile's record is supposed to be a sealed record. And further, the phrase "other commitment" appears not to include Probation. Thus, because Petitioner did not commit the present felony within the essential requirement of the habitual five year law of his 1984 convictions, the Petitioner could not be habitulized.

Petitioner contends he cannot waive a constitutional right, with respect, to being sentenced to an illegal sentence, or entering into what would be a negotiated illegal departure sentence. see, scoresheet, negotiated departure, exhibit "C"

Petitioner also contends it would appear the Trial Court's simple written reason "habitual" is an improper written reason, for a departure, from the sentencing guidelines law recommended sentence. see, scoresheet, written reason for departure, exhibit "B"

Petitioner further contends that it would appear to be improper to score his Juvenile convictions on the sentencing guideline scoresheet as Prior record. see, scoresheet exhibit "B"

Petitioner contends that upon a proper calculated scoresheet there would be a two (2) cell reduction entitling him to a sentencing guideline recommended sentence of 7-9 years.

-2-

PETITIONER CONTENDS THE ISSUE here, IS A IMPROPER departure from the essential requirement of the SENTENCING Guidelines recommended SENTENCING law, based on the written reason" habitual "THAT APPEARS TO be AN INVALID reason for A departure, AND UPON FACTORS which had Already been weighed IN determining the presumptive SENTENCE which would APPEAR TO be double dipping, THAT would NOT ONLY be CONTRARY TO THE SPIRIT AND INTENT of the SENTENCING Guidelines THAT were enacted by the STATE legislature AND THUS, have the effect AND force of law, but Also CONTRARY TO the STATE AND Federal CONSTITUTIONAL, Due Process OF The law CLAUSES.

## ARGUMENT

PETITIONER CONTENDS THE essential requirement of the CONSTITUTIONAL law Protection, with respect TO The ISSUE INVolved here, IN relevant PART, Provides;

" Florida CONSTITUTION 1980

Art. I, Sec. 9 Due Process-

NO PERSON shall be deprived of life, liberty, or Property without due Process of law, or be Twice Put IN Jeopardy for the same offense." Id.

UNITED STATES CONSTITUTION

" Art, 5 Amendment 5, Due Process

NO PERSON shall be held To ANSWER for A CAPITAL or oTHERwise INfamous Crime, or be deprived of life, liberty or Property without due Process of The law." Id.

Art. 5, Amendment 14, Sec. 1

"No State shall make or Inforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law." Id.

Petitioner contends our State Supreme Court held In, "State v. Brown, 530 So.2d 51 (Fla. 1988) at 52, at 51 citing Winters v. State, 522 So.2d 816 (Fla. 1988), we recently stated;

The Central Premise underlying Whitehead is that and conflict between the habitual offender statute and the sentencing guide-lines must be resolved in favor of the guidelines and their policies. see Whitehead v. State, 498 So.2d at 865. (Further the Court said) we previously have concluded that the guidelines take into account all factors considered in habitualizing a repeat offender. When a felony offender is properly habitualized and the guidelines sentence is less than life, the trial judge may not exceed the guidelines recommendation absent a valid reason for doing so not-withstanding the mandatory language of 775.084.(4 A v) as contained in Florida Statutes habitual offenders statute itself is not a valid reason." Id.

Petitioner contends that in Whitehead v. State, the Florida Supreme Court further held;

-4-

"Whitehead v State, 498 So.2d 863 (Fla. 1986)

Habitual offender statute cannot be considered
as providing an exception for Guidelines
Sentence. West's F.S.A. 775.084, 921.001 (4) A .. at (2) at 865 Id.
(Further the court said) The Next question
Then, is whether Section 775.084 can be considered
an Adequate reason for a departure sentence. It
Is True the 1985 Committee Note to Fla.R.Crim.P.
3.704(d) 10 Implies That the habitual offender statute
may be used As a basis for departing From the
Guidelines. That Note provides In Part:
If the offender Is sentenced under 775.084
(habitual offender), the maximum allowedable
Sentence Is Increased As provided by operation
of That statute. However, The Note Then continues:
If The sentence Imposed departs from The recomm-
ended Sentence, The provision of paragraph (d) 11
shall Apply (i.e., The reasons must be clear and
Convining and In writting) To permit departure
based on The Criteria of The habitual offender
statute, however, would Conflict with our
holding In Hendrix v State, 478 So.2d 1218 (Fla. 1985)
In Hendrix, This court held That Trial Judge
erred when he departed from the recommended
sentence based upon A factor which had already
been weighed In determining the Presumptive
Sentence, such "double dipping" was considered
contrary to "the Spirit and Intent of the Guide-
lines" Id at 1220, Thus, we Cannot permit A
departure based on The habitual offender statute
which Is specifically premised on consideration
of the prior criminal record of a defendant. ..
Id. at (3) at 866

-5-

Petitioner contends it should be Judicially noted that here, that is particularly what has happen. This is so because, First, Petitioner was improperly habitualized, based upon his 1985 Juvenile convictions, then that habitual status, was improperly used as a written reason, for a departure, from the essential require-ment of the sentencing Guidelines recommended sentencing range/law. which the sentencing scoresheet clearly shows, Petitioner's same Juvenile record used To improperly habitulize him, was again, scored as his prior record, to increase Petitioner's presumptive sente-nce range by increasing his total points by a 110 points see Exhabit "B" And "C", Thus, such would be double dipping As The state supreme court held in whitehead, Above such - Is prohibited by the state constitution, Art. 1 sec. 9, Florida Constitution 1980, and to hold otherwise would be Petitioner contends, a fundamental miscarriage of Justice.

Petitioner contends the state's Second District Court of Appeal's held in HighTower v. State, 630 So. 2d 1220 (Fla. 2nd D.C.A. 1994) That;

"we must determine whether highTower's Placement on Probation is included within the meaning of "other commitment" under the statute 775.084(1)(b) F.S. 1989) The Fourth District has Answered this Query And held that the Phrase "other commitment" did not Include Probation. Allen v. State, 487 So. 2d 410 (Fla. 4th D.C.A. 1986), recently, in Brown v. State, 620 So. 2d 1084, 1086 (Fla. 1st D.C.A. 1993) The First District decline to interpret "the defendant's release... from a Prison sentence or other commitment" To Include community control for Purpose of habitual offender sentencing. Accordingly, if

-6-

Community Control Cannot be included in the definition of other Commitment." Then Probation, which is a less restrictive form of Control, also should not be included. Because high-Tower did not Commit the present felony within five(5) years of his 1984 Conviction, we reverse the habitual violent felony offender sentence and remand for resentencing within the Guidelines." Id, at 1221

Thus, petitioner Contends not only would it appear that the First and Second District Court of Appeal held that Probation, is not included within the definition of other Commitment, for purpose of habitualizing, but this state court's appellate District (4th) is also of that opinion, and petitioner would be entitled to have his habitual offender sentence reversed and a resentencing to a sentence within the sentencing Guideline law, recommended range of 7-9 years.

petitioner also Contends that he cannot lawfully enter into a negotiated departure sentence plea, where the departure sentence would be based on a sentencing error which would Cause him to be restrained for a time longer than that allowed by the sentencing law, This is so because a person cannot waive his right to be sentenced to a illegal sentence. see, Braddy v State, 520 So.2d 660, 601 (Fla. 4th D.CA.) rev. den. 528 So.2d 1183 (Fla. 1988);

"A sentencing error which causes an individual to be restrained for a time longer than that allowed by law is fundamental. and can be heard in any and every legal manner possible. . Accord Lindsay v. State, 569 So.2d 892 (Fla. 4th DCA. 1990)"

-7-

Further, Petitioner contends our State Supreme Court held in, Hargrave v. State 427 so.2d 713 (Fla, 1983);

"If error or Impropriety raise to level of due process violation, Constitutional violation or Another matter of Fundamental error, those of course, cannot be waived by Failure to object."

Thus, Petitioner contends as stated Above herein, where the State talked him into entering into a negotated departure sentence, that was based upon Improper habitual status, prohibited double dipping to an Increased sentence that would subject him to serve a sentence longer than the essential requirement of the Sentencing Guidelines, recommended sentence range law, of 7-9 years under a proper calculated scoresheet scoring, would be the same as getting Petitioner to waive his right to be sentenced to a Illegal sentence which he cannot lawfully do. See, exhabit "A" and exhabit "B".

Petitioner contends exhabit "B", his sentencing scoresheet for case no. 93-7601CF101A), clearly shows he was scored as follows.

| Primary offense at conviction | Points |
|---|---|
| Aggravated Battery F/A (Firearm) | 105 |
| Possession Firearm convicted felon | |
| Grand theft auto | 36 |

| Prior record | |
|---|---|
| Kidnapping | 50 |
| Robbery | 40 |
| Aggravated Battery | 15 |
| Aggravated Assault | 5 |
| | 110 |

<u>Legal Status At Time of offense</u>
  Restriction                            36

<u>Victim Injury</u>
  Severe or death                    36

                              TOTAL POINTS   323

PETITIONER CONTENDS the <u>110 Points</u> for Prior record here, THAT unambiguously would be double dipping THAT IS Prohibited by Art.1, Sec. 9, Florida CONSTITUTION, due Process of law, Twice Put IN JeoPardy. COMPARE exhibit "A" to exhibit "B". Thus, The 110 Points must be deleted and, which would entitle PETITIONER To A Two (2) Cell reduction, And ACCORDING To our SuPreme COURT'S, <u>STATE V. Whitfield</u>, 487 So.2d 1045 (Fla. 1986) "A COURT MAY AT ANY Time Correct AN Illegal Sentence IMPosed by IT, or AN Incorrect CALCULATION Made by IT IN A SentenCing Guideline Scoresheet." See, <u>Baldwin V. STATE</u>, 679 So.2d 1193 (Fla. 1st D.CA 1996) If A Sentence Correction brought About by Guideline errors results IN A lower Cell, reconsideration of The sentence Is required, Id, AT 1195.

PETITIONER CONTENDS Further, THAT our STATE SuPreme Court IN <u>Smith V. STATE</u>, 598 So.2d 1063 (Fla. 1992) held, "ANY rule of law That subsTANTially effects the life, liberTy or ProperTy of A CriminAl defendant must be APPlied IN A fair And evenHANded mANNer. Id, AT 1066, AT (2,3).

Further see, <u>Flowers V. STATE</u>, 586 So.2d 1058 (Fla. 1991) "Rule That STATUTE ShAll be ConsTrued most favorable To The ACCused APPlies To SenTencing Guidelines, WEST'S FSA, S. 775.021, (1)."

-9-

## Conclusion

Wherefore, based upon the above showing and authorities the respectful court is required to reverse its prior habitual finding and the sentencing here, and resentence Petitioner under a proper recalculated scoresheet scoring, and to the essential requirement of the sentencing Guidelines recommended sentence range law, of 7-9 years. STATE V. BROWN 530 So. 2d 51 (Fla. 1988) Petitioner prays.

Respectfully submitted

Charlie Hill

Charlie L. Hill #B-D98796
Everglades Correctional Inst.
P. O. Box 658001-H4-205U
Miami, Fl. 33265-9001

Petitioner in Pro-se

## Certificate of service

I hereby certify that the original and two copies of the above petition, exhibits and, this certificate of service has been placed into the U.S. mail addressed to, clerk of the court, circuit and county court, 17th Judicial Circuit, 201 Southeast 6th Street, Broward County Courthouse, Ft. Lauderdale, Fl. 33201, and a true and correct copy addressed to, Joel Silvershein, Assistant State Attorney, Fla. bar No. 608092, 675 Broward County Courthouse, Ft. Lauderdale, Fl. 33301, on this 27th day of August 1998.

Charlie Hill
Charlie L. Hill #B-098796

This petition is being filed pursuant to 92-525 F.S. 1995 as being true and correct to the best of my knowledge and under penalty of perjury on this 27th day of August 1998.

Charlie Hill
Charlie L. Hill #B-098796

State of Florida
County of Dade ss.

-10-

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO:    93-7601 CF10(A)

JUDGE:    ROBERT TYSON

STATE OF FLORIDA,                :

     Plaintiff,               :

vs.                              :    ORDER ON STATE'S MOTION TO HABITUALIZE,

CHARLIE HILL,                    :    ROBERT ~~FILED IN OPEN COURT,~~ WOOD,

     Defendant.              :    CLERK

               ON _____

               BY _____

THIS CAUSE coming on to be heard upon the State's Motion to Declare the Defendant an Habitual Felony Offender, and the Court having considered said Motion, and the Court being otherwise fully advised in the premises, the Court makes the following findings:

Before this Court stands CHARLIE HILL. He has been charged by Information with the felony crimes of Aggravated Battery and Possession of a Firearm by a Convicted Felon. On 6|5|93 ~~Prior to plea,~~ the State filed a Notice to Declare the Defendant an Habitual Felony Offender. Said notice was served on the Defendant, his counsel and this Court. Upon consideration of said Motion to Declare the Defendant an Habitual Felony Offender, the Court makes the following findings:

1.    a.  That CHARLIE HILL was convicted of the crime of Grand Theft in Case No. 91-19083 CF10(A) on November 5th, 1991, in Broward County, Florida.

        b.  That CHARLIE HILL was convicted of the crime of Aggravated Battery in Case No. 84-12173 CF10(A) on July 23rd, 1985, in Broward County, Florida.

        c.  That CHARLIE HILL was convicted of the crime of Aggravated Assault in Case No. 84-12710 CF10(A) on July 23rd, 1985, in Broward County, Florida.

        d.  That CHARLIE HILL was convicted of the crimes of Kidnapping, Burglary, and Robbery in Case No. 84-12756 CF10(A) on July 23rd, 1985, in Broward County, Florida.

Exhibit "A"

81

STATE OF FLORIDA v. CHARLIE HILL
CASE NO. 93-7601 CF10(A)
JUDGE ROBERT TYSON
ORDER ON STATE'S MOTION TO HABITUALIZE
PAGE 2 OF 2

2.  That the Defendant has not received a pardon for any of the above-listed felony convictions.

3.  The presentence investigation was waived in this case.

4.  Based upon the Defendant's criminal history and upon all of the factors known to the Court, and pursuant to F.S. 775.084, the Defendant is a habitual felony offender. In order to protect the public from further criminal activity by the Defendant, it is necessary that the Defendant be sentenced to an extended term of imprisonment, pursuant to F.S. 775.084(4)(a)1.

5.  Each of the findings required as a basis for sentencing the Defendant as an habitual felony offender have been found by this Court to exist by a preponderance of the evidence.

ORDERED AND ADJUDGED that the State's Motion to declare the Defendant, CHARLIE HILL, an habitual felony offender is hereby GRANTED, and CHARLIE HILL is ~~sentenced to~~ _place the def. on 4 yr. probation (fees_

DONE AND ORDERED in Fort Lauderdale, Broward County, Florida this _10_ day of ~~February~~, 1994.

_May_

_____
HONORABLE ROBERT TYSON
Judge of the Circuit Court

copies furnished:

DEBORAH WEISFELD, ESQ.
Assistant State Attorney
State Attorney's Office

JIM WELLS, ESQ.
Attorney for Defendant
Public Defender's Office

DW/res/2/2/9                                              MF-58

Cont. Exhibit "A"

82

## SENTENCING GUIDELINES SCORESHEET

| 1. Primary Docket Number 93-7601CRUSA | 2. Additional Docket Numbers 91-19083CRUSA | 3. OBTS Number | 4. Category: ☐1 ☐2 ☐3 ☒4 ☐5 ☐6 ☐7 ☐8 ☐9 |
|---|---|---|---|
| 5. Name (Last Name First) HILL CHARLIE | | 6. Date of Birth 12/22/61  7. Sex: ☒M ☐F  8. Race: ☒B ☐W ☐Other | 9. Violation ☒Prob ☐CC  10. County Broward |
| 11. Judge Sentencing KRISON | 12. Date of Offense 5/2/93 | 13. Date of Sentence 1/31/95  14. ☒Plea ☐Trial | 15. DOC Number |

POINTS

**I. PRIMARY OFFENSE AT CONVICTION**

| Counts | Degree | Statute | Description | |
|---|---|---|---|---|
| 1 | 2° | 784.045 | AGG BATT 17A | I. 105 |

**II. ADDITIONAL OFFENSES AT CONVICTION**

| Counts | Fel/Misd | Degree | Statute | Description | |
|---|---|---|---|---|---|
| 1 | F | 2° | 790.23 | POSS F/A CONV FELON | |
| 1 | F | 3° | 812.014 | GTA | |
| | | | | | II. 36 |

(Continue on Reverse)

**III. A. PRIOR RECORD**

| Counts | Fel/Misd | Degree | Statute | Description | |
|---|---|---|---|---|---|
| 1 | F | Life | | KIDNAPPING | 50 |
| 1 | F | 1PBC | 812.13 | ROBB | 40 |
| 1 | F | 2° | | AGG BATT | 15 |
| 1 | F | 3° | | AGG ASSLT | 5 |
| 1 | M | 1° | | PT | |
| | | | | | III. A. 110 |

(Continue on Reverse)

**III. B. SAME CATEGORY PRIORS** (categories 3, 5 and 6 only) — III. B. _____

**III. C. PRIOR DUI CONVICTIONS** (category 1 only) — III. C. _____

**IV. LEGAL STATUS AT TIME OF OFFENSE**
_____ (1) no restrictions    ✓ (2) legal constraint     IV. 36

**V. VICTIM INJURY**
Number of Scoreable Victim Injuries

Degree of Injury

| | none or no contact |
| | slight or contact but no penetration |
| | moderate or penetration |
| ✓ | severe or death |

V. 36

Filed In Open Court,
ROBERT E. LOCKWOOD
CLERK
ON 1-31-95
Ruth Kessler

TOTAL POINTS 323

RECOMMENDED SENTENCE 12-17    PERMITTED SENTENCE 9-22

TOTAL SENTENCE IMPOSED Route ADS 25 YRS ISP HFO 93-7601

REASONS FOR DEPARTURE HABITUAL    5 YRS PRB 91-19083 CONCUR.

JUDGE _____    PREPARER B. Holla

Exhibit "B"

105

| 17th Judicial Circuit in and for Broward County | CLOCK IN |
|---|---|

| DIVISION: Criminal | as to Count __T__ | **SENTENCE** | |
|---|---|---|---|

| THE STATE OF FLORIDA VS. | CASE NUMBER |
|---|---|
| Charlie Lee Hill | 93 - 7601cf |
| PLAINTIFF                                DEFENDANT | |

The Defendant, being personally before this Court, accompanied by his attorney, ___TOM O'Connell___
and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters
in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

(Check One)
[ ] and the Court having on _____ deferred imposition of sentence until this date.
[ ] and the Court having previously entered a judgment in this case on the defendant now re sentences the defendant.
[✓] and the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that:
The Defendant pay a fine of $ _____ , pursuant to F.S. 775.063, plus $ _____ at the 5% surcharge required by F.S. 960.25

[✓]    The Defendant is hereby committed to the custody of the Department of Corrections.

[ ]    The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

[ ]    The Defendant is hereby sentenced as a youthful offender in accordance with F.S. 958.04.

TO BE IMPRISONED (check one: unmarked sections are inapplicable)

[ ]    For a term of Natural Life.

[✓]    For a term of ___Twenty-five (25) years — Hab. Offender___

[ ]    Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete either paragraph.

_____ Followed by a period of _____ on Probation/Community Control under the supervision of the Department of Correction according to the terms and conditions of supervision set forth in separate order entered herein.

_____ However, after serving a period of _____ imprisonment in

the balance of such sentence shall be suspended and the defendant shall be placed on Probation/Community Control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of Probation/Community Control set forth in a separate order entered herein.

Cont, Exhibit "B" - PAGe 99-104

FORM 180PO70
REVISED 9/93

99

| DIVISION:<br>CRIMINAL | SENTENCE<br><br>( AS TO COUNT ___I___ ) | CASE NUMBER<br><br>93-76014 |

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS
( As to Count ___I___ )

By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:

**FIREARM** _____It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

**DRUG TRAFFICKING** ——It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

**CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL** _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this court.

**HABITUAL FELONY OFFENDER** _____The Defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statue 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**HABITUAL VIOLENT OFFENDER** _____ The Defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**LAW ENFORCEMENT PROTECTION ACT** _____ It is further ordered that the defendant shall serve a minimum of _____ years before release in accordance with Florida Statute 775.0823.

**CAPITAL OFFENSE** _____ It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1)

**SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN** _____ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this court.

**CONTINUING CRIMINAL ENTERPRISE** _____ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

FORM 110P100<br>REVISED 10/94

**100**

| DIVISION: CRIMINAL | SENTENCE (AS TO COUNT ___I___) | CASE NUMBER 93-7601CF |
| --- | --- | --- |

**OTHER PROVISIONS**

**RETENTION OF JURISDICTION** _____ The Court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

**JAIL CREDIT** ___✓___ It is further ordered that the Defendant shall be allowed a total of __375__ days as credit for time incarcerated prior to imposition of this sentence.

**PRISON CREDIT** _____ It is further ordered that the Defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**CONSECUTIVE/ CONCURRENT AS TO OTHER COUNTS** _____ It Is further ordered that the sentence imposed by this count shall run _____ consecutive to _____ concurrent with (check one) the sentence set forth in count _____ of this case.

FORM 180P102
REVISED 9/93

**101**

| [ ] 17th Judicial Circuit in and or Broward County | CLOCK IN |
|---|---|

| DIVISION: Criminal | as to Count | **SENTENCE** II | |
|---|---|---|---|

| THE STATE OF FLORIDA VS. | CASE NUMBER |
|---|---|

Charlie Lee Hill

| PLAINTIFF    DEFENDANT | 93-7601 CF |
|---|---|

The Defendant, being personally before this Court, accompanied by his attorney, ___TOM O'Connell___ and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

      [ ]   and the Court having on _____ deferred imposition of sentence until this date.

(Check One)  [ ]   and the Court having previously entered a judgment in this case on the defendant now re sentences the defendant.

      [√]   and the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

    IT IS THE SENTENCE OF THE COURT that:

      The Defendant pay a fine of $ _____ , pursuant to F.S. 775.063, plus $ _____ at the 5% surcharge required by F.S. 960.25

[√]     The Defendant is hereby committed to the custody of the Department of Corrections.

[ ]     The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

[ ]     The Defendant is hereby sentenced as a youthful offender in accordance with F.S. 958.04.

     TO BE IMPRISONED (check one: unmarked sections are inapplicable)

[ ]     For a term of Natural Life.

[√]     For a term of ___Twenty-five (25) years - Hab. Offender___

[ ]     Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete either paragraph.

_____ Followed by a period of _____ on Probation/Community Control under the supervision of the Department of Correction according to the terms and conditions of supervision set forth in separate order entered herein.

_____ However, after serving a period of _____ imprisonment in

the balance of such sentence shall be suspended and the defendant shall be placed on Probation/Community Control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of Probation/Community Control set forth in a separate order entered herein.

**102**

FORM 180P070
REVISED 9/93

| DIVISION:<br>CRIMINAL | SENTENCE<br><br>( AS TO COUNT _____ II _____ ) | CASE NUMBER<br><br>93-76014F |
|---|---|---|

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

### SPECIAL PROVISIONS
( As to Count _____ II _____ )

By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:

**FIREARM** — _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

**DRUG TRAFFICKING** — _____ It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

**CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL** — _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this court.

**HABITUAL FELONY OFFENDER** — ✓ The Defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statue 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**HABITUAL VIOLENT OFFENDER** — _____ The Defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**LAW ENFORCEMENT PROTECTION ACT** — _____ It is further ordered that the defendant shall serve a minimum of _____ years before release in accordance with Florida Statute 775.0823.

**CAPITAL OFFENSE** — _____ It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1)

**SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN** — _____ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this court.

**CONTINUING CRIMINAL ENTERPRISE** — _____ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

FORM 180P100
REVISED 10/94

**103**

| DIVISION:<br>Criminal | SENTENCE<br>(AS TO COUNT ____II____ ) | CASE NO.<br>93-76014F |

**OTHER PROVISIONS**

RETENTION OF
JURISDICTION _____ The Court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

JAIL CREDIT _____ It is further ordered that the Defendant shall be allowed a total of __375__ days as credit
for time incarcerated prior to imposition of this sentence.

PRISON CREDIT _____ It is further ordered that the Defendant be allowed credit for all time previously served on this
count in the Department of Corrections prior to resentencing.

CONSECUTIVE/
CONCURRENT AS
TO OTHER
COUNTS _____ It is further ordered that the sentence imposed by this count shall run _____ consecutive
to _____ concurrent with (check one) the sentence set forth in count __I__ of this
case.

CONSECUTIVE/
CONCURRENT AS
TO OTHER
CONVICTIONS _____ It is further ordered that the composit term of all sentences imposed for the courts specified
in this order shall run
_____ consecutive to _____ concurrent with (check one) the following:
_____ Any active sentence being served.
_____ Specific sentences: __91-19083CF__
_____
_____
_____

PSI ORDERED    YES [ ]    NO [ ]
In the event the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida, is hereby ordered and
directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy
of this Judgment and Sentence and any other documents specified by Florida Statutes.

The Defendent in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days
from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the
expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends _____
_____
_____
_____

DONE AND ORDERED in Open Court at Broward County, Florida, this __31__ day of __Jan.__ , 19 __95__.

_____
JUDGE

form 180P101 revised 9/93

104

## SENTENCING GUIDELINES SCORESHEET

| 1. Primary Docket Number 93-7601CF10A | 2. Additional Docket Numbers 91-19083CF10A | 3. OBTS Number | 4. Category: ☐1 ☐2 ☐3 ☑4 ☐5 ☐6 ☐7 ☐8 ☐9 |
|---|---|---|---|

| 5. Name (Last Name First) Hill, Charlie | 6. Date of Birth 12/23/65 | 7. Sex: ☑M ☐F | 8. Race: ☑B ☐W ☐Other | 9. Violation ☑Prob ☐CC | 10. County Broward |
|---|---|---|---|---|---|

| 11. Judge at Sentencing Tyson | 12. Date of Offense 5/8/93 | 13. Date of Sentence 5/10/94 | 14. ☑Plea ☐Trial | 15. DOC Number |
|---|---|---|---|---|

**POINTS**

**I. PRIMARY OFFENSE AT CONVICTION**

| Counts | Degree | Statute | Description |
|---|---|---|---|
| 1 | 2° | | Agg Batt F/A |

I. **105**

**II. ADDITIONAL OFFENSES AT CONVICTION**

| Counts | Fel/Misd | Degree | Statute | Description |
|---|---|---|---|---|
| 1 | F | 3° | | Poss F/A Convi Felon |

(Continue on Reverse)

II. **15**

**III. A. PRIOR RECORD**

| Counts | Fel/Misd | Degree | Statute | Description | |
|---|---|---|---|---|---|
| 1 | F | Life | | Kidnapping | 50 |
| 1 | F | 1PBL | | Robb(ery) | 40 |
| 1 | F | 2° | | Agg Batt | 15 |
| 1 | F | 3° | | Agg Assault, GTV | 18 |
| 1 | M | | | Burg(l) | 1 |

(Continue on Reverse)

III. A. **124**

**III. B. SAME CATEGORY PRIORS (categories 3, 5 and 6 only)**  III. B. _____

**III. C. PRIOR DUI CONVICTIONS (category 1 only)**  III. C. _____

**IV. LEGAL STATUS AT TIME OF OFFENSE**

_____ (1) no restrictions   ✓ (2) legal constraint

IV. **36**

**V. VICTIM INJURY**
Number of Scoreable Victim Injuries

Degree of Injury

none or no contact

slight or contact but no penetration

moderate or penetration

✓ severe or death

V. **36**

TOTAL POINTS **346**

Filed In Open Court
ROBERT E. LOCKWOOD,
CLERK
ON 5-10-94
BY Beth Kenley

RECOMMENDED SENTENCE _12-17_   PERMITTED SENTENCE _9-22_

TOTAL SENTENCE IMPOSED Adj 4 years probation as a Habitual

REASONS FOR DEPARTURE Felony Offender. Ct 1 + 2 concurr

JUDGE _____   PREPARER D Young

# EXHIBIT  5

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,            )
                             )
          Plaintiff,         )        CASE NO.: 93-7601CF10A
                             )
v.                           )        JUDGE: MARC H. GOLD
                             )
CHARLIE LEE HILL,            )        APPEAL NO. 99-01220
                             )
          Defendant.         )
_____)

## ORDER DENYING DEFENDANT'S MOTION
## TO CORRECT ILLEGAL SENTENCE

THIS CAUSE, having come before the Court upon the Defendant's Motion to

Correct Illegal Sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), the

Court having considered said Motion, the State's Response, having carefully reviewed

the entire record and otherwise being fully advised in the premises, this Court finds as

follows:

This Defendant was charged by Information with Aggravated Battery and

Possession of Firearm by a Convicted Felon. The offenses occurred on May 2, 1993

and involved the Defendant shooting the victim with a shotgun. On May 10, 1994 the

Defendant entered a guilty plea to the charges and he was sentenced by the

Honorable Robert W. Tyson, Jr. to four (4) years probation as an habitual felony

offender. A warrant was issued for violation of probation on November 1, 1994

because the Defendant used cocaine while on probation. A violation of probation

hearing was held on January 1, 1995 and at the conclusion of that hearing the

Defendant's probation was revoked and he was sentenced to twenty-five (25) years

EXHIBIT- B-

in prison as an habitual felony offender.  An appeal was taken and an opinion was

returned by the Fourth District Court of Appeal on February 14, 1996 affirming the trial

court.  The Defendant has also filed, and had denied, a Motion for Post Conviction

Relief, prior to his filing this Motion to Correct Illegal Sentence.

In his Motion to Correct Illegal Sentence and/or Erroneous Scoresheet

Calculation, the Defendant argues that he was improperly found to be an habitual

felony offender because the trial court erroneously included juvenile offenses in this

determination.  A review of the record, the State's response and exhibits which the

Court herein adopts, clearly refute the allegations of the Defendant and conclusively

show that the Defendant is not entitled to the relief requested.  None of the offenses

listed by the Defendant in his motion were juvenile dispositions.  All of the listed

offenses were adult convictions occurring in Broward County, Florida.

It is therefore,

**ORDERED AND ADJUDGED** that the Defendant's Motion to Correct Illegal

Sentence is hereby, respectfully,  **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this ____ day

of July, 1999.                                        **MARC H. GOLD**
                                                              A TRUE COPY.

                                        _____
                                        MARC H. GOLD
                                        CIRCUIT COURT JUDGE


Copies  furnished to:                   CASE NO.:  93-7601CF10A

Joel Silvershein, Esquire               APPEAL NO.  99-01220
Assistant State Attorney
Ft. Lauderdale, Florida

Mr. Charlie L. Hill, #B-098796
Everglades Correctional Institution
P.O. Box 659001   #4-205U
Miami, Florida 33265-9001

EXHibiT-B-2

# EXHIBIT  6

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT                                    JULY TERM 1999


**CHARLIE HILL,**

Appellant,

v.

**STATE OF FLORIDA,**

Appellee.

_____

CASE NO. 99-2959

_____

Decision filed   September 29, 1999

Appeal of order denying rule 3.800(a) motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marc H. Gold, Judge; L.T. Case No. 93-7601 CF10A.

Charlie Hill, Miami, pro se.

No appearance required for appellee.

PER CURIAM.

AFFIRMED.

POLEN, SHAHOOD and GROSS, JJ., concur.

**NOT FINAL UNTIL THE DISPOSITION OF ANY TIMELY FILED MOTION FOR REHEARING.**

EXHIBIT-C-1

# EXHIBIT  7

# M A N D A T E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable MARTHA C.WARNER, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

**DATE:**             October 29, 1999

**CASE NO.:**         99-2959

**COUNTY OF ORIGIN:** Broward

**T.C. CASE NO.:**    93-7601 CF10

**STYLE:**            CHARLIE HILL          v.   STATE OF FLORIDA



*Marilyn Beuttenmuller*
MARILYN BEUTTENMULLER, Clerk
Fourth District Court of Appeal

**ORIGINAL TO:**     Hon. Robert Lockwood, Clerk
**cc:**
Charlie Hill        Attorney General-W.P.B.        EXHibiT-C -2

al