UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6051-CIV-JORDAN
MAGISTRATE JUDGE SORRENTINO

CHARLIE LEE HILL,              :

       Petitioner,           :

v.                             :       REPORT RE DISMISSAL
                                     §2254 PETITION
MICHAEL W. MOORE,              :       AS TIME BARRED

       Respondent.           :
_____



FILED by _____ D.C.
MAG. SEC.

JUL 21 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

This petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was signed under penalty of perjury on January 10, 2000, and filed stamped by the clerk on January 12, 2000.[1] The judgment of conviction in the underlying state criminal case, No. 93-7601 entered in Broward County, became final on March 7, 1996, upon conclusion of the litigation of his direct appeal by the Florida Supreme Court's denial of his petition for discretionary review.[2]

The respondent has invoked the statute of limitations. Pursuant to 28 U.S.C. §2244, as amended on April 24, 1996, a one year period of limitations applies to a petition under §2254. The

---

[1] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

[2] In Florida, if there is an appeal, the sentence becomes final upon issuance of the mandate. Jones v. State, 602 So.2d 606 (Fla. 1 DCA 1992); Hilbert v. State, 540 So.2d 227 (Fla. 1 DCA 1989). The mandate issues after expiration of 15 days from the order or decision of the court. Fla.R.App.P. 9.340(a).



one year period runs from the latest of

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the statute.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted on April 23, 1996, did not establish a limitations period for convictions which became final prior to the effective date of the Act. The Eleventh Circuit has adopted a one year grace period

(the equivalent of the new limitations period) in the context of a §2254 petition for writ of habeas corpus where the conviction became final prior to the effective date of the AEDPA limitations period. <u>Wilcox v. Florida Department of Corrections</u>, 158 F.3d 1209 (11 Cir. 1998).

Hill was convicted of aggravated battery and possession of a firearm by a convicted felon. His convictions and sentences were affirmed <u>per curiam</u>, and on the Florida Supreme Court dismissed his petition for discretionary review on March 7, 1996. (DE# 8; Exs. 1 and 2). Hill asserts in his response to the order regarding limitations period that he filed a motion for postconviction relief in September of 1996. (DE# 7). For the purpose of this report, that motion was presumably filed on September 1, 1996. Approximately four months had expired between the effective date of the AEDPA and the filing of that motion for postconviction relief. The trial court denied the motion on November 7, 1997 (DE# 8; Ex. 3), and Hill did not appeal. Thus, the order of denial became final on December 7, 1997, when time expired for filing the notice of appeal.³

---

³In Florida, if the defendant does not appeal, the sentence becomes final upon expiration of the thirty-day appeal period. Fla.R.App.P. 9.110(b); <u>Demps v. State</u>, 696 So.2d 1296, 1297, n.1 (Fla. 3d DCA 1997); <u>Ramos v. State</u>, 658 So.2d 169 (Fla. 3d DCA 1995); <u>Caracciolo v. State</u>, 564 So.2d 1163 (Fla. 4th DCA 1990; <u>Gust v. State</u>, 535 So.2d 642 (Fla. 1st DCA 1988).

Almost eight months after the order of denial of the motion for postconviction relief became final, Hill filed a motion to correct illegal sentence on August 27, 1998. (DE# 8; Ex. 4). The motion was denied, and the denial was affirmed per curiam. (DE# 8; Exs. 5 and 6). The Mandate issued on October 29, 1999. (DE# 8; Ex. 7). This federal petition was filed a little more than two months later on January 10, 2000.

Because Hill's conviction became final before the effective date of the AEDPA, he had one year, until April 23, 1997, to file his petition for writ of habeas corpus. Of course, the limitations period was tolled by properly filed applications for postconviction relief. Review of the record filed by the respondent reveals that there was more than one year during which the limitations period was not tolled by properly filed applications for postconviction relief.

An order was entered requiring Hill to state whether one or more of the four factors listed above justifies consideration of this petition for writ of habeas corpus. Hill was notified that failure to demonstrate the existence of at least one of the four factors would result in dismissal of the petition for writ of habeas corpus.

Hill responded that this federal petition for writ of habeas corpus is "timely where the respondent in its order denying petitioner's motion for postconviction relief did not give him 30 days in which he could have appealed, therefore the petitioner's motion to correct his sentence Rule 3.800(a) should have tolled the limitation period." The limitation period was tolled while the motion to correct illegal sentence was pending. Nonetheless, this federal petition remains untimely.

It is therefore recommended that this petition for writ of habeas corpus be dismissed, as time barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: July 21, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc: Charlie Lee Hill, <u>Pro Se</u>
DC #098796
Everglades Correctional Institution
1601 S.W. 187th Avenue
P.O. Box 65-9001
Miami, FL 33265-9001

Steven R. Parrish
Assistant Attorney General
Office of the Attorney General
1655 Palm Beach Lakes Boulevard
Third Floor
West Palm Beach, FL 33401